**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

**GILBERTO GUERRA,**
**ADC #123482**                                                                        **PLAINTIFF**

**V.**                        **CASE NO. 2:07-CV-00099-WRW-BD**

**ARKANSAS DEPARTMENT**
**CORRECTION,** *et al.*                                                       **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I**.        **Procedure for Filing Objections:**

        The following recommended disposition has been sent to United States District

Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to

this recommendation.  Objections should be specific and should include the factual or

legal basis for the objection.  If the objection is to a factual finding, specifically identify

that finding and the evidence that supports your objection.  An original and one copy of

your objections must be received in the office of the United States District Court Clerk no

later than eleven (11) days from the date you receive the Recommended Disposition.  A

copy will be furnished to the opposing party.   Failure to file timely objections may result

in waiver of the right to appeal questions of fact.

        Mail your objections and "Statement of Necessity" to:

                Clerk, United States District Court
                Eastern District of Arkansas
                600 West Capitol Avenue, Suite A149
                Little Rock, Arkansas 72201

1

II.   **Background**:

Plaintiff filed a pro se Complaint (docket entry #1) under 42 U.S.C. § 1983

seeking monetary damages from Defendants in their official and personal capacities.  At

the time of the alleged incident, Plaintiff was incarcerated in the East Arkansas Regional

Unit ("EARU") of the Arkansas Department of Correction ("ADC").

Plaintiff claims that on December 27, 2006, while on a trip to an eye clinic in

Marianna, Arkansas, he assaulted an ADC officer.  As a result of the incident, two

additional officers came to transport Plaintiff back to the EARU.  Plaintiff claims that,

while being transported back to the EARU, Defendant Bufford used excessive force on

him.  Plaintiff states that upon his return, he was placed in isolation, was forced to give up

all of his clothes except for his shorts and a t-shirt, and did not have access to toilet paper.

Plaintiff claims that later the same day in retaliation for his assault of the officer,

Defendants Steward, Smith, Jones and Brown came to his cell, handcuffed him through

the bars, took his t-shirt, and Defendants Steward, Jones and Brown punched him.

Plaintiff contends that Defendant Smith witnessed the incident but did not hit him.

Plaintiff states he spent the remainder of the day and night in isolation, without food,

blankets, or a mattress.  Plaintiff claims he remained on "behavior control" for one

hundred and four hours and did not get a sheet until five days later.

Plaintiff contends that on December 28, 2006, an ADC officer who works as the

coordinator for the mental health department came to his cell to write a report about the

2

incident, but he was unable to candidly discuss the incidents because Defendant Steward was also present.

Plaintiff filed an informal resolution on January 12, 2007, regarding the alleged assaults and the loss of his "property" in isolation.  After staff responded to his informal resolution, Plaintiff filed a grievance.  When the warden rejected his grievance because Plaintiff filed it on multiple issues and failed to name the officers involved in the alleged assaults, Plaintiff "did not appeal for fear of retaliation."

Pending are the motions to dismiss (#16, 26, and 32) of the ADC and Defendants Michael Bufford, Kathy Stewart, and Lemontrell Jones (collectively "Defendants").  In their motions to dismiss, Defendants argue that Plaintiff's case should be dismissed for failure to exhaust administrative remedies and for failure to state a claim on which relief can be granted.  Defendants also argue that Plaintiff's claim for monetary damages against a state agency and the individual defendants in their official capacity is barred by sovereign immunity.

**III.   <u>Standard</u>:**

Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint that fails to state a claim upon which relief can be granted.  Further, under the Prison Litigation Reform Act (the "PLRA")  the Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are: (a) legally frivolous or malicious;

(b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C § 1915(e)(2).

In deciding whether a plaintiff has failed to state a claim, the Court must determine whether the plaintiff has pleaded facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, ___ U.S.___, 127 S.Ct. 1955, 1965 (2007)(citations omitted). A complaint cannot simply "le[ave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id*. at 1968 (citation omitted). Rather, the facts set forth in the complaint must be sufficient to "nudge the[ ] claims across the line from conceivable to plausible." *Id*. at 1974. The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, broad conclusory allegations, even in a pro se complaint are insufficient to state a claim under 42 U.S.C. § 1983. *Grady v. Wilken*, 735 F.2d 303, 305 (8th Cir. 1984).

IV.   **Discussion**:

Defendants argue that Plaintiff failed to exhaust his administrative remedies when he did not appeal the denial of his grievance. In response, Plaintiff claims he did not complete the grievance process for fear of retaliation.

The PLRA provides that "[no] action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Thus, the PLRA requires exhaustion of administrative remedies prior to the commencement of a lawsuit. See *Booth v.  Churner*, 532 U.S. 731, 738, 121 S.Ct.1819 (2001) (where the Court stated that available remedies "must be 'exhausted' before a complaint under § 1983 may be entertained"); see also *Porter v.  Nussle*, 534 U.S. 516, 524, 122 S.Ct.  983 (2002).

The Eighth Circuit, following *Booth* and *Porter*, has held that if exhaustion is not complete at the time of filing, dismissal of the case is mandatory.  *Johnson v.  Jones*, 340 F.3d 624, 627 (8th Cir.  2003); see also *Chelette v.  Harris*, 229 F.3d 684, 687 (8th Cir. 2000).  In the Eighth Circuit, exhaustion is an affirmative defense and Defendant has the burden of pleading and proving the failure to exhaust.  *Nerness v.  Johnson*, 401 F.3d 874, 876 (8th Cir. 2005).

There is no dispute that Plaintiff did not appeal the warden's determination on his grievance.  Plaintiff instead argues that he was not required to exhaust the grievance procedure because he was alleging excessive force and feared that if he appealed the grievance he would be subject to additional force.  In *Porter*, supra, the Supreme Court addressed the types of cases brought under § 1983 and other federal law that are subject to the exhaustion requirements of the PLRA.  The Supreme Court held that "the PLRA's exhaustion requirement applies to *all* inmate suits about prison life, whether they involve

general circumstances or particular episodes, and *whether they allege excessive force or some other wrong*." *Porter*, 534 U.S. at 532 (emphasis added).

Plaintiff's claim that an appeal of the warden's decision on the grievance would be met with retaliation is also speculative since the Plaintiff had already completed the first two stages of the grievance process, at the local level, without incident.  See *Taylor v. Banks*, 2007 WL 1791233 at *1 (E.D. Ark. June 13, 2007) (dismissing complaint of plaintiff who argued that he could not exhaust his administrative remedies because of fears of retaliation).  Additionally, if retaliation for filing the grievance occurred, Plaintiff would be entitled to bring a retaliation claim under § 1983.  *Id*.  Plaintiff did not exhaust the grievance procedure before filing this lawsuit as required by the PLRA.  Accordingly, Plaintiff's complaint should be dismissed.

**V.      Conclusion**:

The Court recommends that the District Court GRANT the motions to dismiss (#16, 26 and 32) of the ADC and Defendants Michael Bufford, Kathy Stewart and Lemontrell Jones, and DISMISS Plaintiff's complaint WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2).

DATED this 19th day of November, 2007.

_____
UNITED STATES MAGISTRATE JUDGE